UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **SONNY DESPOSITO,** | : | Hon. Joseph H. Rodriguez |
| *Plaintiff*, | : | Civ. No. 1:21-10446 |
| v. | : | OPINION |
| **UNITED STATES OF AMERICA** | : | |
| *Defendant*. | : | |

This matter is before the Court on the Motion to Dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) filed by Defendant United States of America ("Defendant"). [Dkt. 10]. For the reasons set forth below, the Court will grant Defendant's motion.

## I. Introduction

Plaintiff Sonny Desposito ("Plaintiff"), an inmate housed at Federal Correctional Institute Fort Dix located at Joint Base MDL, New Jersey, fractured his arm when he fell from the top bunk of his bunkbed. [Dkt. 1, Compl. ¶ 2]. The bunk bed "did not contain a ladder or some other apparatus for plaintiff to safely ascend and descend." [Compl. ¶ 9]. On or around September 9, 2020, Plaintiff filed an administrative complaint with the United States Bureau of Prisons, which rejected his claim by letter on January 11, 2021. [Compl. ¶¶ 4–5].

Plaintiff filed his Complaint in this case alleging that Defendant violated the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA") by negligently failing to provide a ladder for Plaintiff's bunk bed. [Compl. ¶¶ 3, 10–14]. Defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that the discretionary function exception to the FTCA prevents the Court from exercising subject-matter jurisdiction over the case.

1

## II. Legal Standard

"A motion to dismiss under Rule 12(b)(1) challenges the Court's 'authority or competence to hear and decide the case before it.'" *Northlight Harbor, LLC v. United States*, 561 F. Supp. 2d 517, 520 (D.N.J. 2008) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice And Procedure § 1350 (3d ed. 2004)). When considering a 12(b)(1) motion, courts must first determine whether motion is a facial or factual challenge to the court's jurisdiction. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff. In reviewing a factual attack, the court may consider evidence outside the pleadings." *Id.* (citations omitted). If a defendant raises a factual challenge, "the court must permit the plaintiff to respond with evidence supporting jurisdiction" and may decide the jurisdictional issue based on the evidence presented on each side. *Id.* at 177 (citing *Int'l Ass'n of Machinists & Aerospace Workers v. Northwest Airlines, Inc.*, 673 F.2d 700, 711–12 (3d Cir. 1982)). "When a factual challenge is made, 'the plaintiff will have the burden of proof that jurisdiction does in fact exist.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (citing *Mortensen*, 549 F.2d at 891).

## III. Analysis

Sovereign immunity generally shields the federal government from civil liability. *See Cooper v. Comm'r*, 718 F.3d 216, 220 (3d Cir. 2013) (quoting *United States v. Testan*, 424 U.S. 392, 399, 96 S. Ct. 948, 47 L. Ed.2d 114 (1976)). The FTCA waives sovereign immunity for "claims based on the action of Government employees when private persons engaging in analogous behavior would be liable under state law." *CNA v. United States*, 535 F.3d 132, 138 (3d Cir. 2008), *as amended* (Sept. 29, 2008). However, FTCA claims are "subject to several

requirements and limitations contained in § 1346(b)(1) itself, as well as 28 U.S.C. §§ 2671–2680." *Id.*

One such exception, the discretionary function exception ("DFE"), preserves sovereign immunity against "[a]ny claim … based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government." 28 U.S.C. § 2680(a); *Baer v. United States*, 722 F.3d 168, 172 (3d Cir. 2013). Congress enacted the DFE "to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814, 104 S. Ct. 2755, 2765, 81 L. Ed. 2d 660 (1984). Courts apply a two-part test to determine whether the DFE bars an FTCA claim.

> First, a court must consider whether the action is a matter of choice for the acting employee. This inquiry is mandated by the language of the exception; conduct cannot be discretionary unless it involves an element of judgment or choice. Second, a court must determine whether the judgment exercised is of the kind that the discretionary function exception was designed to shield. This is because the DFE protects only governmental actions and decisions based on considerations of public policy. Notably, if a regulation allows the employee discretion, the very existence of the regulation creates a strong presumption that a discretionary act authorized by the regulation involves consideration of the same policies which led to the promulgation of the regulations.

*Baer*, 722 F.3d at 172–73 (citations and quotations omitted). "When it applies, the [DFE] deprives a district court of subject matter jurisdiction over claims arising out of the discretionary action." *Northlight Harbor, LLC*, 561 F. Supp. 2d at 521 (citing *Merando v. United States*, 517 F.3d 160, 162 (3d Cir. 2008)).

Defendant argues that the DFE applies to the decision made by staff at FCI Fort Dix not to provide ladders for inmate bunk beds because this decision was both discretionary and

3

grounded in policy considerations.  [Dkt. 10-1 at 5, 13].  To support this argument, Defendant provides a declaration from James Gibbs, an Associate Warden at FCI Fort Dix (the "Gibbs Declaration").  [Dkt. 10-3, Gibbs Decl.].  Gibbs attests that "[t]here are no Bureau of Prisons rules, regulations or policies that require or govern the use of ladders on bunk beds" and that "[d]ecisions concerning the use of ladders on bunk beds are made independently by the administration of each prison" based on safety considerations.  [Gibbs Decl. ¶¶ 14–15].  According to Gibbs, FCI Fort Dix has not used and continues not to use bunk bed ladders "due to the many security concerns they present."  [*Id.* ¶ 16].  Gibbs attests that bunk bed ladders can be used to make weapons, facilitate escape, obstruct cell doors, create shields against BOP staff, and aid suicide attempts.  [*Id.* ¶¶ 17–21].

       Plaintiff does not argue that Defendant's decisions were not discretionary or policy based or present any evidence to the contrary.  Instead, Plaintiff counters that it is premature to dismiss his case based on a DFE defense, which "should be raised in answer and subjected to discovery."  [Dkt. 11 at 2].  However, the DFE implicates the Court's authority to hear this case.  *Northlight Harbor, LLC*, 561 F. Supp. 2d at 520.  For this reason, courts routinely dismiss cases at the pleading stage when an FTCA claim implicates the DFE.  *See, e.g.*, *Chapman v. United States*, 480 F. Supp. 3d 601, 611–14 (M.D. Pa. 2020); *Northlight Harbor, LLC*, 561 F. Supp. 2d at 529–30; *Jackson v. United States*, No. CIV.A. 06-88 ERIE, 2007 WL 2033902, at *1 (W.D. Pa. July 12, 2007); *accord Brooks v. Bledsoe*, 682 F. App'x 164, 166–67 (3d Cir. 2017) (upholding dismissal of FTCA claim based on DFE).  Moreover, "Plaintiff fails to explain with any degree of specificity what additional discovery will yield or how it would help defeat the Government's motion."  *Northlight Harbor, LLC*, 561 F. Supp. 2d at 529 (citing *Doughty v. U.S. Postal Serv.*,

359 F. Supp.2d 361, 365–66 (D.N.J. 2005)).[1]  Plaintiff's general claim that he deserves discovery does not carry his "burden of persuasion to convince the court it has jurisdiction." *Gould Elecs. Inc.*, 220 F.3d at 178 (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

Plaintiff also argues that Defendant's motion relies on the Gibbs Declaration "which is probably improper on a 12(b)(6) motion." [Dkt. 11 at 2].  But Defendant has filed a 12(b)(1) motion challenging the jurisdictional facts of Plaintiff's complaint, and courts "may consider evidence outside the pleadings" when reviewing a factual attack on jurisdiction.  *Gould Elecs. Inc.*, 220 F.3d at 176 (citing *Gotha v. United States*, 115 F.3d 176, 178–79 (3d Cir. 1997)).

Having disposed of Plaintiff's objections, the Court now turns to the merits of Defendant's DFE defense.  To reiterate, the Court must first determine whether the decision not to place a ladder on Plaintiff's bunk bed was a "matter of choice." *Baer*, 722 F.3d at 172.  Federal statute broadly requires the BOP to manage and regulate all "[f]ederal penal and correctional institutions" and to "provide suitable quarters and provide for the safekeeping, care, and subsistence" of all persons or inmates.  18 U.S.C. § 4042(a)(1),(2).  However, as Defendant argues, no federal rules, regulations or policies specifically require federal prisons to use ladders with bunk beds.  [Dkt. 10-1 at 14].  Staff at FCI Fort Dix therefore used their discretion to determine whether to use ladders on bunk beds.  *See Manning v. Flock*, No. 1:11-CV-0293, 2012 WL 1078227, at *16 (M.D. Pa. Mar. 30, 2012) ("The decision not to add ladders to the bunk

---

[1] For this reason, the Court also rejects Plaintiff's request for limited jurisdictional discovery to the extent that his argument can be construed as such a request.  *See Chapman*, 480 F. Supp. 3d at 607–08 (denying jurisdictional discovery in FTCA case where plaintiff did not carry burden of showing that discovery "is 'likely to produce the facts needed to withstand a Rule 12(b)(1) motion.'" (quoting *Wright v. New Jersey/Dep't of Educ.*, 115 F. Supp. 3d 490, 497 (D.N.J. 2015))).

5

beds clearly involved an 'element of judgment or choice.'"); *Jackson v. United States*, No. CIV.A. 06-88 ERIE, 2007 WL 2033902, at *8–*9 (W.D. Pa. July 12, 2007) (same).  Defendant meets the first element of the DFE defense.

For the second element, the Court must determine whether the discretion exercised at FCI Fort Dix was "based on considerations of public policy."  *Baer*, 722 F.3d at 172–73.  "The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis."  *United States v. Gaubert*, 499 U.S. 315, 325, 111 S. Ct. 1267, 1275, 113 L. Ed. 2d 335 (1991).  Moreover, "[w]hen established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion."  *Id.*

The Court finds that Defendant has satisfied this second element.  As noted above, 18 U.S.C. § 4042(a)(2) "leaves the implementation of [inmate safekeeping and protection] duties to the discretion of BOP officials."  *Brooks v. Bledsoe*, 682 F. App'x 164, 167 (3d Cir. 2017); *accord Coleman*, 2021 WL 2155097, at *5 (quoting *Acosta v. Schultz*, Civil Action No. 12-6614, 2014 WL 886888, at *10 (D.N.J. March 6, 2014)).  As such, "it must be presumed" that FCI Fort Dix's decision not to provide bunk bed ladders was "grounded in policy" judgment about how to keep inmates safe.  *Gaubert*, 499 U.S. at 325.

Moreover, the Gibbs Declaration demonstrates that the decision not to provide bunk bed ladders is "susceptible to policy analysis."  *Id.*  The Gibbs Declaration lists safety and security concerns that might have driven officials at FCI Fort Dix not to provide bunk bed ladders. [Gibbs Decl. ¶¶ 17–21].  These officials enjoy "wide-ranging deference and discretion … in the

6

area of inmate and institutional safety." *Manning*, 2012 WL 1078227, at *16 (discussing *Jackson*, 2007 WL 2033902); *accord Whitley v. Albers*, 475 U.S. 312, 321–22, 106 S. Ct. 1078, 1085, 89 L. Ed. 2d 251 (1986) ("'Prison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S. Ct. 1861, 1878, L. Ed.2d 447 (1979))).  Thus, the Court must defer to FCI Fort Dix's decision not to provide bunk bed ladders. *Manning*, 2012 WL 1078227, at *16 ("The decision not to provide ladders for upper bunk access involves policy choices, which the Third Circuit has cautioned that federal courts 'should not second guess.'" (quoting *Mitchell v. United States*, 225 F.3d 361, 364 (3d Cir. 2000)); *Jackson*, 2007 WL 2033902, at *9 ("It is beyond dispute that Sherman's decision not to add ladders to the bunk beds in FCI-McKean's SHU was grounded in prison and inmate safety, which is precisely the type of policy decision that is protected by the discretionary function exception.").  Defendant meets the DFE's second element.

Because Defendant satisfies both elements of the DFE to the FTCA, the Court lacks subject-matter jurisdiction to hear this case. *Northlight Harbor, LLC*, 561 F. Supp. 2d at 520. The Court will therefore grant Defendant's motion to dismiss under Rule 12(b)(1).

**IV.   Conclusion**

For the reasons set forth above, the Court will grant Defendant's motion to dismiss Plaintiff's Complaint.  An appropriate order will issue.


September 29, 2021                                         /s/ Joseph H. Rodriguez

                                                                                                           Hon. Joseph H. Rodriguez